UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JOHANN A. BASS,<br><br>      Plaintiff,<br><br>vs.<br><br>JOHN DOE, Disqualification Administrator at South Dakota Dept. of Public Safety in his or her individual capacity; JOHN DOE, Director at South Dakota Dept. of Public Safety in his or her individual capacity; SHELBY HATTUM, Trooper at South Dakota Dept. of Public Safety in her individual capacity; JOHN DOE, Trooper at South Dakota Department of Public Safety in his or her individual capacity; JANE SCHRANK, Director, Driver License Program at South Dakota Dept. of Public Safety in her individual and official capacities; AMANDA HOSSLE, Director at South Dakota Dept. of Public Safety in her individual and official capacities,<br><br>      Defendants. | 3:23-CV-03014-RAL<br><br>OPINION AND ORDER DIRECTING SERVICE AND 1915A SCREENING OF AMENDED COMPLAINT |

Plaintiff Johann A. Bass, an inmate at the Greene Correctional Facility, in Coxsackie, New York, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Bass moved for leave to proceed in forma pauperis and provided his prisoner trust account report. Docs. 2, 3. This Court granted Bass leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. §§ 1915A and 1915(e)(2), dismissing the complaint in part and directing service upon Shelby Hattum. Docs. 6, 12. Claims against all defendants in their individual capacities for money damages survived § 1915A screening, and claims against John Doe #1 and John Doe #2 in their individual capacities for injunctive relief were dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Doc.

12 at 9. Bass filed a motion for a non-party to identify John Doe defendants, which this Court denied. Id. at 8–9; Doc. 4. Bass filed a motion for reconsideration of this Court's denial of his motion to identify John Doe defendants, which this Court also denied because the information sought was publicly available or obtainable through discovery. Doc. 14; Doc. 17 at 5. This Court permitted Bass to file an amended complaint within forty-five days of this Court's order, Doc. 17, and Bass filed an amended complaint within the time provided. Doc. 18. This Court will now screen Bass's additional claims under 28 U.S.C. § 1915A.

I.     **1915A Screening of Amended Complaint**

    A.     **Factual Allegations of Bass's Amended Complaint**

Bass does not allege additional facts, but he identified John Doe Defendant #1 as Jane Schrank and John Doe Defendant #2 as Amanda Hossle. Doc. 18 at 2. A complete summary of the facts alleged in Bass's complaint are included in this Court's screening of Bass's original complaint. See Doc. 12 at 1–4.

    B.     **Legal Standard**

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per

curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553-63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation removed) (quoting Twombly, 550 U.S. at 556). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    C.    **Bass's Additional Causes of Action**

Bass alleges that his Fourteenth Amendment Due Process rights were violated by Schrank, who is the director of the Driver License Program at the South Dakota Department of Public Safety, and Hossle, who is the director at the South Dakota Department of Public Safety. Doc. 18

at 6. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Smith v. McKinney, 954 F.3d 1075, 1079 (8th Cir. 2020) (quoting Wilkinson v. Austin, 545 U.S. 209, 221 (2005)). "Once a liberty interest is established, the next question is what process is due." Id. (quoting Williams v. Norris, 277 F. App'x 647, 649 (8th Cir. 2008) (per curiam)).

Bass alleges that he had a liberty interest in his CDL. Doc. 12 at 5–6. The United States Supreme Court held that "[o]nce licenses are issued, . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees." Bell v. Burson, 402 U.S. 535, 539 (1971). "In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." Id. (citing Sniadach v. Family Fin. Corp., 395 U.S. 337 (1969)).

Because Bass has a colorable claim to a liberty interest in his CDL, the question is what process is due. Smith, 954 F.3d at 1079. The Supreme Court held that the Due Process Clause requires at a minimum notice and the opportunity to be heard. Goss v. Lopez, 419 U.S. 565, 579 (1975). Bass alleges that his disqualification was extended for a year because he attempted to appeal, but he claims that he was not provided due process prior to the revocation of his CDL. See Doc. 18 at 5. South Dakota Codified Law § 32-12A-32 provides the opportunity for hearing before the suspension of a commercial driver's license, which Bass alleges he was not provided. Thus, Bass's Fourteenth Amendment claims against Schrank and Hossle in their individual and official capacities survive § 1915A screening.

## II. Conclusion

Accordingly, it is

ORDERED that Bass's Fourteenth Amendment claims against Schrank and Hossle in their individual and official capacities survive § 1915A screening. It is further

ORDERED that Bass's Fourteenth Amendment claims against John Doe #1 and John Doe #2 in their individual capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, the screening of the original complaint, Doc. 12, a copy of the amended complaint, Doc. 18, and this order upon Schrank and Hossle. It is further

ORDERED that Schrank and Hossle will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Bass will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Civil Local Rules while this case is pending.

DATED December 20th, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE