UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JOHANN A. BASS,<br><br>Plaintiff,<br><br>vs.<br><br>SHELBY HATTUM, Trooper at South Dakota Dept. of Public Safety in her individual capacity; JOHN DOE, Trooper at South Dakota Department of Public Safety in his or her individual capacity; JANE SCHRANK, Director, Driver License Program at South Dakota Dept. of Public Safety in her individual and official capacities; AMANDA HOSSLE, Director at South Dakota Dept. of Public Safety in her individual and official capacities,<br><br>Defendants. | 3:23-CV-03014-RAL<br><br>ORDER DENYING BASS'S MOTIONS FOR ASSISTANCE WITH SERVICE |

Plaintiff Johann A. Bass, an inmate at the Greene Correctional Facility, in Coxsackie, New York, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Bass leave to proceed in forma pauperis, Doc. 6, and screened his initial complaint, Doc. 12. Bass filed an amended complaint, Doc. 18, which this Court also screened, Doc. 24. Claims against Shelby Hattum and John Doe #3 in their individual capacities survived screening, and claims against Jane Schrank and Amanda Hossle in their individual and official capacities survived screening. Docs. 12, 24. Bass returned a completed summons for Hattum, and the United States Marshal Service (USMS) executed service on Hattum. Doc. 36. Hattum retained private counsel and was not represented by the South Dakota Attorney General's Office. Docs. 20, 23.

Bass previously returned completed summonses that listed the address for the South Dakota Department of Public Safety (DPS) as Schrank and Hossle's address. Doc. 19. The summonses were forwarded to USMS to effectuate service. Id. USMS was not able to serve the summonses at the listed addresses because Schrank and Hossle no longer worked at the DPS. Docs. 29, 30. Bass also filed two summonses with Schrank and Hossle's names and "C/O of South Dakota Attorney General's Office[,]" which were unissued because the South Dakota Attorney General's Office is not a party to Bass's lawsuit and not currently representing any named parties. Doc. 33. Bass mailed a letter to the Clerk of Court, Doc. 37, and a letter to this Court, Doc. 38, requesting the USMS to locate and serve summonses on Schrank and Hossle; this Court construes the two letters as motions for assistance with service.

Bass alleges that because his civil rights case focuses on "actions during [Schrank and Hossle's] employment with the South Dakota Department of Public Safety[,] . . . the South Dakota Attorney General's Office is responsible for their representation in court until they decide to hire an outside counsel." Doc. 37 at 1. He claims that "[t]here isn't any reason why the US Marshals can't locate these Defendants or serve them at the South Dakota Attorney General's Office. Even if they located them and served them individually, the State of South Dakota would still be responsible for their defense in court." Doc. 38 at 1. Bass requests this Court to "issue the Summonses with the South Dakota Attorney General's address on them and have the Marshals serve them at the AG's office or in the alternative have the Marshals locate them for service." Doc. 37 at 1.

Bass correctly identifies that this Court ordered Schrank and Hossle to be served. See id.; Doc. 24 at 5. "While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [the plaintiff's] responsibility to provide proper addresses for

service on [defendants]." <u>Lee v. Armontrout</u>, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam). "[A] plaintiff bears the burden of providing proper service information[.]" <u>Beyer v. Pulaski Cnty. Jail</u>, 589 F. App'x 798, 799 (8th Cir. 2014) (per curiam) (citation omitted). Bass has not provided summonses listing the proper addresses for Schrank and Hossle. This Court and the USMS cannot order the South Dakota Attorney General's Office to accept service on behalf of its former employees.

Federal Rule of Civil Procedure 4(e) states that a party may be served in a judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" South Dakota Codified Law describes a process where the South Dakota Attorney General may accept service through certified mail when "the action is against a state officer, employee or agent arising out of his office, employment or agency[.]" SDCL § 15-6-4(d)(6). <u>See</u> <u>also</u> SDCL § 1-11-1(2). But such service is conducted in accordance with South Dakota Codified Law, not through the USMS.

Accordingly, it is

ORDERED that Bass's motions for assistance with service, Docs. 37 and 38, are denied.

DATED February 22nd, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE