UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JOHANN A. BASS,<br><br>                Plaintiff,<br><br>vs.<br><br>SHELBY HATTUM, Trooper at South Dakota Dept. of Public Safety in her individual capacity; JOHN DOE, Trooper at South Dakota Department of Public Safety in his or her individual capacity; JANE SCHRANK, Director, Driver License Program at South Dakota Dept. of Public Safety in her individual and official capacities; AMANDA HOSSLE, Director at South Dakota Dept. of Public Safety in her individual and official capacities,<br><br>                Defendants. | 3:23-CV-03014-RAL<br><br>OPINION AND ORDER GRANTING IN PART AND DENYNIG IN PART BASS'S MOTION FOR ORDER ASSISTING WITH SERVICE OF SUMMONSES |

Plaintiff Johann A. Bass, an inmate at the Greene Correctional Facility, in Coxsackie, New York, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Bass leave to proceed in forma pauperis, Doc. 6, and screened his initial complaint, Doc. 12. Bass filed an amended complaint, Doc. 18, which this Court also screened, Doc. 24. Claims against Shelby Hattum and John Doe #3 in their individual capacities survived screening, and claims against Jane Schrank and Amanda Hossle in their individual and official capacities survived screening. Docs. 12, 24. Bass returned a completed summons for Hattum, and the United States Marshal Service (USMS) executed service on Hattum. Doc. 36. Hattum retained private counsel and is not represented by the South Dakota Attorney General's Office. Docs. 20, 23.

Bass previously returned completed summonses that listed the address for the South Dakota Department of Public Safety (DPS) as Schrank's and Hossle's addresses. Doc. 19. The summonses were forwarded to the USMS to effectuate service. Id. The USMS was not able to serve the summonses at the listed addresses because Schrank and Hossle no longer work at the DPS. Docs. 29, 30. Bass also filed two summonses with Schrank's and Hossle's names and "C/O of South Dakota Attorney General's Office[,]" but the South Dakota Attorney General's Office is not a party to Bass's lawsuit and not currently representing or employing any named parties. Doc. 33. Bass mailed a letter to the Clerk of Court, Doc. 37, and a letter to this Court, Doc. 38, requesting the USMS to locate and serve summonses on Schrank and Hossle, which this Court construed as motions for assistance with service. Doc. 39 at 2.

Bass alleges that because his civil rights case focuses on "actions during [Schrank's and Hossle's] employment with the South Dakota Department of Public Safety[,] . . . the South Dakota Attorney General's Office is responsible for their representation in court until they decide to hire an outside counsel" Doc. 37 at 1. He claims that "[t]here isn't any reason why the US Marshals can't locate these Defendants or serve them at the South Dakota Attorney General's Office. Even if they located them and served them individually, the State of South Dakota would still be responsible for their defense in court." Doc. 38 at 1. Bass requested that this Court "issue the Summonses with the South Dakota Attorney General's address on them and have the Marshals serve them at the AG's office or in the alternative have the Marshals locate them for service." Doc. 37 at 1. This Court denied Bass's motions for assistance with service because "[t]his Court and the USMS cannot order the South Dakota Attorney General's Office to accept service on behalf of its former employees." Doc. 39 at 3

After his motions for assistance with service were denied, Bass sent to the South Dakota Attorney General's Office a Notice of Lawsuit and Request for Waiver of Service of the Summons, a Waiver of Service of Summons, and an Admission of Service, along with a copy of the Amended Complaint for Schrank and Hossle, Doc. 43 at 2–3, but neither the Attorney General's Office nor Schrank or Hossle returned any of these documents. Id. at 3. Bass now moves for an order directing that "service be effected in a manner decided by the Court." Id. Specifically, Bass requests that the Court "order the U.S. Marshal's [sic] to locate defendants Shrank and Hossle and serve them or that they be served at the Office of the South Dakota Attorney General or a manner of service otherwise prescribed by the Court." Id. at 4. Bass's motion is granted in part and denied in part.

As this Court has previously stated, "While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [the plaintiff's] responsibility to provide proper addresses for service on [defendants]." Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam). "[A] plaintiff bears the burden of providing proper service information[.]" Beyer v. Pulaski Cnty. Jail, 589 F. App'x 798, 799 (8th Cir. 2014) (per curiam) (citation omitted). Relying on Beyer, Bass urges this Court to order the USMS to locate and serve Shrank and Hossle. Doc. 43 at 3–4. The holding in Beyer is not as broad as Bass contends. In Beyer, the United States Court of Appeals for the Eighth Circuit considered whether the district court has abused its discretion in dismissing without prejudice a pro se prisoner's § 1983 action under Federal Rule of Civil Procedure 4(m). After the district court granted Beyer's motion to proceed IFP, the USMS attempted to serve the defendant, a correctional officer, at the jail where the alleged excessive force had taken place. The USMS was unable to serve the correctional officer because the officer was no longer employed at the jail. When Beyer was unable to provide an address at which the

correctional officer could be served, the action was dismissed without prejudice for failure to prosecute. Beyer contended that he was in administrative segregation at another prison, had no access to a law library, and his friends and family were unable to assist him in locating the former correctional officer. Beyer also alleged that the jail at which the correctional officer was employed should have information that would assist the USMS in locating her, including alternative contact information she provided while employed there. The Eighth Circuit held that in these circumstances that district court had abused its discretion in dismissing the action and directed the district court to order the USMS to seek the correctional officer's last-known contact information, including any alternative contact information, from the jail and to re-attempt to serve her.

In this case, it appears that the USMS attempted to obtain from the DPS alternative contact information for Schrank and Hossle when the USMS attempted to serve these defendants at the DPS. See Doc. 29 at 3 ("we learned Schrank retired. No follow-up address or phone numbers were known. Based on the information provided in this process, I cannot locate [Schrank]"); Doc. 30 ("Hossle no longer works at [the DPS]. It not known where she currently works or resides. As a result, the process cannot be served and is returned unexecuted."). The USMS, on its own initiative, took the steps that the Eighth Circuit held in Beyer that the district court should have ordered. It would be within this Court's discretion to deny in its entirety Bass's motion for assistance with service. However, the Court recognizes that there are some unique circumstances in this case: Bass's out-of-state incarceration which seems to be unrelated to the facts and circumstances of this action and the fact that two of the three defendants no longer work for the DPS. Thus, the Court is granting in part Bass's motion for assistance with service, Doc. 43. If the USMS has access to a database or other information sources that are not unduly burdensome, time consuming, or unduly expensive that can be searched and which may reveal an address or other

alternative contact information for Schrank and Hossle that would assist the USMS in serving them, the Court directs the USMS to search such sources to attempt to locate Schrank and Hossle. But the remainder of Bass's motion, Doc. 43, is denied. As the Court previously stated, this Court does not have authority to order that the South Dakota Attorney General's Office accept service on behalf of a former state employee. Further, this Court is not aware of any applicable provision of federal or state law that provides that service on a former state employee may be effectuated by serving the South Dakota Attorney General. Finally, Bass cites no authority, and this Court is aware of no authority that provides that a pro se litigant who has been granted leave to proceed in forma pauperis is not required to comply with Federal Rule of Civil Procedure 4(e) because the litigant is unable to provide a valid address for serving one or more defendants.

Accordingly, it is

ORDERED that Bass's motion for order assisting with service of summonses, Doc. 43, is granted in part and denied in part. It is further

ORDERED that the USMS use reasonable efforts employing reasonably available investigative methods that are not unduly burdensome, time consuming, or unreasonably expensive to attempt to locate Schrank and Hossle. After the USMS complies with the Order, the USMS should notify the Clerk of Court and provide to the Clerk of Court, if applicable, addresses at which the USMS believes Schrank and/or Hossle may be served. After the USMS notifies the Clerk of Court, the Court, if appropriate, will issue a further Order, including an Order for service.

DATED August 8th, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE