UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JOHANN A. BASS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SHELBY HATTUM, Trooper at South Dakota Dept. of Public Safety in her individual capacity; JOHN DOE, Trooper at South Dakota Department of Public Safety in his or her individual capacity; JANE SCHRANK, Director, Driver License Program at South Dakota Dept. of Public Safety in her individual and official capacities; AMANDA HOSSLE, Director at South Dakota Dept. of Public Safety in her individual and official capacities,<br><br>　　　　　　Defendants. | 3:23-CV-03014-RAL<br><br><br>OPINION AND ORDER DENYING DEFENDANT SHELBY HATTUM'S RULE 12(b)(6) MOTION TO DISMISS |

Plaintiff Johann A. Bass, an inmate at the Greene Correctional Facility, in Coxsackie, New York, filed this pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Bass leave to proceed in forma pauperis, Doc. 6, and screened his initial complaint, Doc. 12. Bass filed an amended complaint, Doc. 18, which this Court also screened, Doc. 24. Bass's claims against Shelby Hattum, a trooper with the South Dakota Department of Public Safety, in her individual capacity, survived screening. Docs. 12, 24. Hattum moves to dismiss the claims against her on the grounds that the amended complaint fails to state a claim upon which relief can be granted against her. Docs. 21, 22. Bass opposes Hattum's motion to dismiss. Doc. 27. For the reasons discussed below, Hattum's motion to dismiss, Doc. 21, is denied.

I.     **FACTUAL BACKGROUND**[1]

On May 6, 2021, South Dakota Department of Public Safety (DPS) Trooper Shelby Hattum stopped Bass outside of Chamberlain, South Dakota. Doc. 18 at 5, 7. Bass was driving a semi-truck. Id. at 7. After obtaining Bass's consent, Hattum and another trooper, searched Bass's semi-truck. Id. During the search, the troopers pulled everything out of the truck's cabinets and drawers. Id. The troopers left items on the floor and walked on the items, including leaving boot prints in Bass's trip paperwork and family photographs. Id. Bass alleges that the troopers mixed together his hygiene items with other items and sprayed shower spray on his vitamins. Id. Bass claims that the troopers left everything on the floor of his truck and "purposely dirtied and disorganized[.]" Id. During the search, some items were destroyed or made unusable. Id. Bass claims the troopers' actions made the search and his truck unreasonable because the troopers "completely Trash[ed his] Truck and handl[ed his] personal property, [his] Fianc[é]e's personal property as well as other contents of the Truck Unreasonably." Id. at 7–8. Bass alleges that the troopers searched his truck for at least an hour without finding drugs or other contraband. Id. at 8. Bass was charged with several crimes and taken to Brule County Jail, with his semi-truck being released to A & R Towing in Chamberlain, South Dakota. Id. at 5. Bass's claim against Hattum in her individual capacity for money damages for allegedly violating his Fourth Amendment right against unreasonable search and seizure survived § 1915A screening. Doc. 12 at 8, 9; Doc. 24 at 1.

---

[1] The Court includes only the factual allegations in the amended complaint relevant to Bass's claim against Hattum. On a motion to dismiss, this Court makes no factual findings but assumes the well-pleaded allegations in the amended complaint to be true.

2

## II.     ANALYSIS AND DISCUSSION

### A.     Motion to Dismiss Standard

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R Civ. P. 8(a)(2). The court must accept the plaintiff's factual allegations as true and make inferences in the plaintiff's favor but need not accept the plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation and citation omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). The United States Court of Appeals for the Eighth Circuit has instructed that "[w]hen we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claims to be considered within the proper legal framework." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).

When ruling on a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings, but it may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]." Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (cleaned up and citation omitted); see also Kushner v. Beverly Enters., 317 F.3d 820, 831 (8th Cir. 2003) (explaining that courts may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" (citation omitted)).

Along with his opposition to Hattum's motion to dismiss, Bass submitted two affidavits to refute Hattum's argument that the damage to his property could have occurred during the towing of the truck and that Bass will be unable to prove that the damage occurred during the search. Doc. 27 at 9–10, 12. However, Bass also objected to converting Hattum's motion to dismiss to a motion for summary judgment. Doc. 34. In his objection, Bass asserts that the affidavits he submitted are not a basis for converting the motion to dismiss to a motion for summary judgment. Id. at 3. This Court disagrees. If, in fact, the Court considers the two affidavits Bass submitted, the Court would have to provide the parties notice and treat Hattum's motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(d). But the Court has not considered the affidavits Bass submitted. Rather, the Court has considered only the factual allegations in the amended complaint, along with the legal arguments and authorities set forth in the parties' submissions. "'Rule 12(b)(6) motions are not automatically converted into a motion for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion.'" Casazza v. Kiser, 313 F.3d 414, 417 (8th Cir. 2002) (alteration in original) (quoting Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). As the Eighth Circuit has recognized, if a

4

district court does not rely on matters outside the pleadings when considering a motion to dismiss, then the motion to dismiss is not converted into a motion for summary judgment. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d. 685, 688 (8th Cir. 2003) (citation omitted).

### B.  Bass Has Stated a Viable Claim upon Which Relief Can Be Granted

Bass does not dispute that he gave Hattum consent to search his semi-truck. Doc. 18 at 7. But Bass alleges that during the search "some items [were] destroyed or made unusable making [the] search unreasonable." Id. A consensual search must be reasonable. United States v. Alverez, 235 F.3d 1086, 1088 (8th Cir. 2000) (citing United States v. Martel-Martines, 988 F.2d 855, 858 (8th Cir. 1993)). "Although an individual consenting to a vehicle search should expect that search to be thorough, he need not anticipate that the search will involve the destruction of his vehicle, its parts or contents." Id. at 1088–89 (quoting United States v. Strickland, 902 F.2d 937, 942 (11th Cir. 1990)). "Consensual searches generally cannot be destructive." United States v. Santana-Aguirre, 537 F.3d 929, 932 (8th Cir. 2008) (citation omitted). "Cutting or destroying an object during a search requires either explicit consent for the destructive search or articulable suspicion that supports a finding that probable causes exists to do the destructive search." Id. (citation omitted). According to the amended complaint:

> [d]uring the search the Troopers pulled everything out of the cabinets and drawers and left items thrown on the floor and walked on. Trip Paperwork and pictures of family were among items that had Troopers' boot prints on them. Hygiene items were mixed with other items and fragrant Shower Spray was sprayed in Vitamins.

Doc. 18 at 7. Liberally construing Bass's amended complaint and giving him the benefit of all reasonable inferences, Bass has stated a claim upon which relief can be granted for violation of his Fourth Amendment right to be free from unreasonable searches. See United States v. Ramirez, 523 U.S. 65, 71 (1998) ("Excessive or unnecessary destruction of property in the course of a search

may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression.").

### C. Anticipated Difficulty Proving the Allegations in the Amended Complaint

To support her motion to dismiss, Hattum questions whether Bass will be able to prove the allegations in his amended complaint. For example, Hattum argues that the damages to the personal property in the semi-tractor may have occurred after the search and when the vehicle was being towed. Doc. 22 at 3 ("Plaintiff will be unable to prove when the damage occurred or who caused it."). To overcome a motion to dismiss, Bass does not have to prove any of the allegations in the amended complaint. Rather, this Court must, at this stage of the proceedings, assume that the factual allegations are true. Erickson, 551 U.S. at 94 ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint" (citations omitted)). Whether Bass will be able to come forward with evidence to prove when the damage occurred or who caused it remains to be seen, but a Rule 12(b)(6) motion should not granted "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982); see also Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely" (cleaned up and internal quotation omitted)). Because Bass has alleged that Hattum caused damage during the search of the semi-truck, Hattum's motion to dismiss for failure to state a claim is denied.

Hattum also argues that "Plaintiff will be unable to prove the damages are unreasonable given the circumstances of the search." Doc. 22 at 5. Hattum suggests a number of explanations why the claimed damages may have been completely reasonable. Id. Bass's amended complaint

alleges that the claimed damages were not reasonable. Doc. 18 at 7. When considering a motion to dismiss, this Court must draw inferences in favor of Bass, not Hattum, who is the moving party. Essentially, Hattum urges this Court to conclude, as a matter of law, that the damages Bass alleges were reasonable given the circumstances of the search based only the allegations in the amended complaint. Drawing such a conclusion at this stage of the proceedings would be inappropriate. If Hattum plans to contend that the damages Bass alleges were reasonable given the circumstances, then she needs to provide the Court with evidence to substantiate her position rather than asking the Court to speculate what the parties may or may not be able to prove later in the proceedings.[2] In short, Hattum's arguments are more appropriately considered on a motion for summary judgment.

### D.     Bass Has Alleged Sufficient Damages to Support a § 1983 Claim

Hattum also argues that her motion to dismiss should be granted because "[d]e minimis damage does not form the basis for a constitutional claim." Doc. 22 at 4. Bass seeks $5,000.00 in compensatory damages on his claim against Hattum. Doc. 18 at 10. If he is able to prove compensatory damages in this amount, his damages are not "de minimis." Further, as Bass notes in his response, Doc. 27 at 4, in Chambers v. Pennycook, the Eighth Circuit case on which Hattum relies to argue that de minimis damages do not support a constitutional claim, the Eighth Circuit

---

[2] In her brief, Hattum cites to cases in which a district court granted a motion for summary judgment after considering all the record evidence whether a juror could find that the defendants had acted unreasonably when executing a search warrant. See Garner v. Green, 2022 WL 2193038 (E.D. Ark. June 17, 2022); Cook v. Gibbons, 308 F. App'x 24 (8th Cir. 2009) (per curiam). Granting a motion for summary judgment, after considering a fully developed record including evidence from both parties regarding the circumstances of the search is much different than granting a Rule 12(b)(6) motion to dismiss premised on speculation about what proof the plaintiff may ultimately be able to proffer to support his allegations. Further, Garner is also distinguishable because the "record evidence shows general disorder, not, as [plaintiff] alleges, damage or destruction." 2022 WL 2193038, at *4. Bass has alleged damage and destruction, and at this stage of the proceedings, this Court must accept as true these allegations.

considered whether a plaintiff states an excessive force claim if the plaintiff alleges only *de minimus* injuries. 641 F.3d 898, 906 (8th Cir. 2011) ("The officers here assert that [the plaintiff] has failed to show the violation of a constitutional right, because he offered no evidence that he suffered greater than *de minimis* injuries as a result of the alleged excessive force."). Ultimately, the Eighth Circuit held that the "appropriate inquiry is 'whether *the force used* to effect a particular seizure is 'reasonable.'" Id. (emphasis in original) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). But the Eighth Circuit was "not convinced . . . that evidence of only *de minimis* injury necessarily forecloses a claim of excessive force under the Fourth Amendment." Id. Because Chambers analyzed an excessive force claim and because the Eighth Circuit held only that evidence of "[a] *de minimis use of force* is insufficient to support a claim," *id.*, Hattum's reliance on Chambers is misplaced.

Hattum's reliance on Waters v. Madson, 921 F.3d 725 (8th Cir. 2019) is also misplaced. See Doc. 35 at 3. In Waters, the Eighth Circuit affirmed the District Court's dismissal of the plaintiffs' § 1983 claim alleging that officers had unlawfully searched the trunk of their vehicle on the grounds that the plaintiffs "failed to adequately plead a compensatory damage claim under § 1983[.]". 921 F.3d at 740–41. Waters is distinguishable because the plaintiffs did not allege in their complaint any damages stemming specifically from the officers' search of the trunk of their vehicle. Id. In the complaint, the plaintiffs attributed all their alleged damages to other claims. Id. Here, Bass specifically alleges that Hattum's allegedly unreasonable search resulted in compensatory damages in the amount of $5,000. Doc. 18 at 10.

Hattum's reply brief alleges that "[f]or a § 1983 claim to survive, there must be two things, (1) an unlawful search *and* (2) and "actual, compensable injury." Doc. 35 at 3 (quoting Waters, 921 F.3d at 740). But, at the end of the sentence from Waters that Hattum quotes, the Eighth

8

Circuit recognized in a footnote that "[t]his is the standard for compensatory and punitive damages under § 1983. The district court did not address the issue of *nominal* damages for violations of a Fourth Amendment right." Waters, 921 F.3d at 740 n.8 (internal citation omitted). "[N]ominal damages are the appropriate means 'to vindicate constitutional rights whose deprivation has not caused an actual, provable injury.'" Corpus v. Bennett, 430 F.3d 912, 916 (8th Cir. 2005) (quoting Westcott v. Crinklaw, 133 F.3d 658, 662 (8th Cir. 1998)); see also Garrett v. Clarke, 147 F.3d 745, 747 (8th Cir. 1998). Bass has not specifically alleged nominal damages in his request for relief on Count Two, but he seeks "[a]ll other sums and relief the Court may deem just and proper[,]" which could include nominal damages. Doc. 18 at 10.

### E. Bass has Standing to Challenge the Reasonableness of the Search of the Semi-Truck

Finally, Hattum alleges that Bass's "claims for his fiancé's personal property must be dismissed[]" because the "Fourth Amendment is a personal right which may not be vicariously asserted." Doc. 22 at 3 (citation omitted). Based on this Court's review of Bass's amended complaint, Bass alleges that he owned the semi-truck that Hattum searched and that he consented to the search of the vehicle. Doc. 18 at 7. Bass alleges that least some of the personal property that was allegedly handled unreasonably and damaged or destroyed was his. Id. at 7–8. Based only on the allegations in the amended complaint, the Court is unable to determine whether Bass asserts that some of the personal property that was handled unreasonably and damaged or destroyed belonged only to his fiancé or whether he alleges the property belonged jointly to Bass and his fiancé. To the extent, Bass seeks to claim damages for the violation of his fiancé's Fourth Amendment rights, Hattem correctly notes that he may not do so. But to seek relief for an unconstitutional search, the plaintiff must have a cognizable Fourth Amendment interest in the place to be searched. Byrd v. United States, 584 U.S. 395, 403 (2018). A court must ask "whether

9

the person claiming the constitutional violation had a 'legitimate expectation of privacy in the premises' searched." Id. (quoting Rakas v. Illinois, 439 U.S. 128, 143 (1978)). To determine whether an individual has standing to challenge a search and seizure requires consideration of the following factors:

> ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case.

United States v. Russell, 847 F.3d 616, 618 (8th Cir. 2017) (quoting United States v. Gomez, 16 F.3d 254, 256 (8th Cir. 1994)). This Court is unable to conclude, on the basis of the allegations in the amended complaint, that Bass does not have standing to challenge the allegedly unreasonable search and alleged property damage and destruction.

### III. CONCLUSION

For these reasons, it is

ORDERED that Hattum's motion to dismiss, Doc. 21, is denied.

DATED August 8th, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE