UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JOHANN A. BASS,<br><br>       Plaintiff,<br><br>vs.<br><br>SHELBY HATTUM, Trooper at South Dakota Dept. of Public Safety in her individual capacity; JOHN DOE, Trooper at South Dakota Department of Public Safety in his or her individual capacity; JANE SCHRANK, Director, Driver License Program at South Dakota Dept. of Public Safety in her individual and official capacities; AMANDA HOSSLE, Director at South Dakota Dept. of Public Safety in her individual and official capacities; JENNA HOWELL, Director of Legal and Regulatory Services at South Dakota Dept. of Public Safety in her individual and official capacities; and RYENN ABSHER, senior secretary for Drivers License Program at South Dakota Dept. of Public Safety, in her individual and official capacities,<br><br>       Defendants. | 3:23-CV-03014-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND § 1915A SCREENING |

  Plaintiff Johann A. Bass, an inmate at the Greene Correctional Facility, in Coxsackie, New York, filed this pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Bass leave to proceed in forma pauperis, Doc. 6, and screened his initial complaint, Doc. 12. Bass filed an amended complaint, Doc. 18, which this Court also screened, Doc. 24. Bass moves for leave to file a second amended complaint. Doc. 76.

Bass alleges that defendant Jane Schrank, the director of the Driver License Program at the South Dakota Department of Public Safety, and defendant Amanda Hossle, the director at the South Dakota Department of Public Safety, did not provide due process prior to revoking his commercial driver's license (CDL) and are liable for violation of his Fourteenth Amendment right to due process. Doc. 18 at 2, 5, 6; Doc. 24 at 3–4. After receiving discovery responses identifying other individuals whom Bass alleges "are jointly and/or individually liable for the Notification resulting in [his] CDL being taken away[,]" Bass moves for leave to file a second amended complaint adding as defendants Jenna Howell, director of Legal and Regulatory Services at the South Dakota Department of Public Safety, and Rhyenn[1] Absher, senior secretary at the Driver License Program at the South Dakota Department of Public Safety.[2] Doc. 76 at 2–3; Doc. 76-1 at 3–7. Bass brings claims against Howell and Absher in their individual and official capacities. Doc. 76-1 at 3–4. Defendants did not respond to Bass's motion to amend.

Whether to permit amendment of the complaint or addition of parties is committed to the district court's sound discretion. Popoalii v. Corr. Med. Serv., 512 F.3d 488, 497 (8th Cir. 2008) (citing Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)). Leave to amend should be freely given when justice so requires, but it is not an abuse of discretion to deny a motion to amend a complaint if there is undue delay, bad faith, repeated failure to cure deficiencies by

---

[1] In the caption of his proposed Second Amended Complaint, Bass spells this defendant's first name as "Ryenn," but in the body of the proposed Second Amended Complaint, Bass spells the defendant's first name as "Rhyenn". This Court will use the spelling used in the body of the proposed Second Amended Complaint.

[2] In Bass's proposed Second Amended Complaint, he also seeks leave to add as defendants Amanda Clark and Jina Wagner, support staff for the Driver License Program at the South Dakota Department of Public Safety. Doc. 76 at 3; Doc. 76-1 at 4–7. By letter dated April 9, 2025, Bass notified this Court that it is "appropriate to remove Defendant #5 Amanda Clark and Defendant #7 Jina Wagner" from the proposed Second Amended Complaint based on documents defendants produced during discovery. Doc. 101. This Court construes Bass's letter as a request to withdraw his motion for leave to add Amanda Clark and Jina Wagner as defendants. This request is granted.

amendments previously allowed, undue prejudice to the non-moving party, or futility. Fed. R. Civ. P. 15(a)(2); Popoalii, 512 F.3d at 497. Here, the non-moving parties do not argue that they will be unduly prejudiced if Bass's motion to amend is granted, and there is no indication of undue delay, bad faith, or any other reason to deny Bass's motion to amend. Bass's motion for leave to file a second amended complaint adding claims against Howell and Absher in their individual and official capacities, Doc. 76, is granted.

This Court must screen Bass's additional claims against Howell and Absher under 28 U.S.C. § 1915A. Bass alleges that Howell and Absher, along with Shrank and Hossle, violated his Fourteenth Amendment Due Process rights. Doc. 76-1 at 5–7. This Court has previously determined that Bass's claims against Shrank and Hossle in their individual and official capacities survive § 1915A screening. Doc. 24 at 2–4. Bass's claims against Howell and Absher mirror his claims against Shrank and Hossle. Doc. 76-1 at 5–7. Accordingly, for the same reasons that Bass's claims against Shrank and Hossle in their individual and official capacities survive § 1915A screening, Bass's claims against Howell and Absher in their individual and official capacities survive § 1915A screening. See Doc. 24 at 2–4.

For the reasons stated above, it is

ORDERED that Bass's request to withdraw in part his motion for leave to file a second amended complaint, Doc. 101, is granted. It is further

ORDERED that Bass's motion for leave to file a second amended complaint adding as defendants Jenna Howell, director of Legal and Regulatory Services at the South Dakota Department of Public Safety, and Rhyenn Absher, senior secretary at the Driver License Program at the South Dakota Department of Public Safety, in their individual and official capacities, Doc. 76, is granted. It is further

ORDERED that the Clerk of Court shall file Bass's proposed second amended complaint, Doc. 76-1. It is further

ORDERED that the Clerk of Court shall send blank summons forms and United States Marshals Service Forms (Form USM-285) to Bass so that he may complete the forms to cause the second amended complaint to be served upon defendants Howell and Absher. It is further

ORDERED that Bass shall complete and send the Clerk of Court a separate summons and USM-285 form for each newly added defendant within **thirty (30) days from the date of this Order.** Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 forms are not submitted as directed, Bass's claims against Howell and Absher may be dismissed. It is further

ORDERED that the United States Marshals Service shall serve the completed summons, together with a copy of the complaint, Doc. 1, the screening of the original complaint, Doc. 12, a copy of the amended complaint, Doc. 18, the screening of the amended complaint, Doc. 24, the second amended complaint, Doc. 76-1, and this order upon Howell and Absher. It is further

ORDERED that Howell and Absher will serve and file an answer or responsive pleading to the second amended complaint on or before 21 days following the date of service. Defendants Hattum, Shrank, and Hossle need not answer or otherwise respond to Bass's second amended complaint. It is finally

ORDERED that Bass's motion for ruling on motion to amend, Doc. 92, is denied as moot.

DATED April 15th, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

5