UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JOHANN A. BASS,<br><br>Plaintiff,<br><br>vs.<br><br>SHELBY HATTUM, Trooper at South Dakota Dept. of Public Safety in her individual capacity; JOHN DOE, Trooper at South Dakota Department of Public Safety in his or her individual capacity; JANE SCHRANK, Director, Driver License Program at South Dakota Dept. of Public Safety in her individual and official capacities; AMANDA HOSSLE, Director at South Dakota Dept. of Public Safety in her individual and official capacities; JENNA HOWELL, Director of Legal and Regulatory Services at South Dakota Dept. of Public Safety in her individual and official capacities; and RYENN ABSHER, senior secretary for Drivers License Program at South Dakota Dept. of Public Safety, in her individual and official capacities,<br><br>Defendants. | 3:23-CV-03014-RAL<br><br><br>OPINION AND ORDER ON PLAINTIFF'S MOTION FOR STATUS CONFERENCE, MOTION TO STRIKE EXPERT DISCLOSURES, MOTION FOR INJUNCTIVE RELIEF, AND MOTION TO COMPEL |

Plaintiff Johann A. Bass, formerly an inmate at the Greene Correctional Facility, in Coxsackie, New York,[1] filed this pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Bass leave to proceed in forma pauperis, Doc. 6, and screened his initial complaint, Doc. 12. Bass has filed various motions, including a motion for status conference, motion to strike expert disclosures, motion for injunctive relief, and motion to compel. Docs. 77, 79, 87, 94, 108.

---

[1] Bass filed a Notice of Change of Address on June 4, 2025, upon his release from prison. Doc. 111.

**I. Motion for Status Conference (Doc. 77)**

By letter dated December 3, 2024, Bass requested that this Court schedule a telephonic status conference because "[t]he Defendants are not complying with Discovery and have provided no documents with their Rule 26 Disclosure." Doc. 77. Bass has not filed a motion to compel, but attached a copy of a letter he sent to defendants' counsel, which is also dated December 3, 2024, outlining why he contends that defendants' Rule 26(a)(1) initial disclosures are incomplete, questioning the sufficiency of defendants' interrogatory responses, and contending that defendants' discovery requests are overly broad. Doc. 77-1. In some cases, when there is a fully briefed motion to compel, this Court may schedule a hearing before ruling on the motion, but does not micromanage discovery and conduct hearings or status conferences each time the parties disagree about the scope of discovery or the sufficiency of discovery responses. The Federal Rules of Civil Procedure, as well as the District of South Dakota's Civil Local Rules, require that that parties make a good faith effort to resolve discovery disputes before seeking court intervention. Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); D.S.D. Civ. LR 37.1 (requiring that "[a] party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute"). Absent a pending motion to compel discovery, this Court is reluctant to schedule a telephonic hearing to discuss discovery issues, lest it be asked to render an advisory opinion, which it cannot do. Pub. Water Supply Dist. No. 8 v. City of Kearney, 401 F.3d 930, 932 (8th Cir. 2005) (stating that Article III prohibits federal courts from issuing advisory opinions); see also Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

2

Even so, Bass's letter to defendants' counsel, which was sent on the same day as his letter requesting a status conference, is not sufficient to comply with Rule 37(a)(1) or LR 37.1. Lureen v. Holl, 2017 WL 3834739, at *3 (D.S.D. Aug. 31, 2017) ("[P]rior to making a motion to compel, a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention. Unilaterally sending correspondence . . . does not satisfy the requirement." (internal quotation omitted)). None of the discovery materials are part of the record, so this Court cannot consider the sufficiency of the disclosures or the scope of the requests. See D.S.D. Civ. LR 26.1(C) (requiring that "[a]ny portions of discovery materials necessary for the disposition of any motion filed (with relevant portions highlighted or underlined) must either be attached as an exhibit to the party's brief in support of such motion or attached to the party's affidavit filed with the brief"). Bass's motion for a status conference, Doc. 77, is denied. If Bass chooses to file a motion to compel, he may do so, but his motion must comply with Rule 37(a)(1), LR 26.1(C), and LR 37.1.

## II.    Motion for Injunctive Relief (Doc. 79)

Pursuant to Federal Rule of Civil Procedure 65(a)(1), Bass moves for a preliminary injunction "directing that the Defendants herein, any potential Defendants, their successors, co-workers and the current designated employees of the South Dakota Department of Public Safety make entry into Commercial Drivers License Information System (CDLIS), Federal Motor Carrier Safety Administration (FMCSA) and Arizona Motor Vehicle Division-Department of Transportation . . . to remove the conviction and/or violation from any records indicating that [Bass] committed a felony in a Commercial Motor Vehicle (CMV)." Doc. 79 at 1–2. Bass also requests that the "Arizona Attorney General's Office be sent a copy of any Order issuing the requested relief." Id. at 2. Notably, this is the same relief Bass requests in his second amended

3

complaint for the alleged violation of Fourteenth Amendment right to Due Process arising out of the disqualification/withdrawal of his commercial drivers license. Doc. 105 at 10 (requesting "an Order from the Court directing the South Dakota DPS defendants and/or their successors to remove the conviction from the Commercial Drivers License Information System (CDLIS) and provide Arizona Motor Vehicle Division/DOT any other necessary documents that clarify that [Bass] did not commit a felony using a vehicle or Commercial Motor Vehicle."). Defendants oppose Bass's motion for injunctive relief. Doc. 86.

Bass pleaded guilty to ingestion of a controlled substance in violation of SDCL § 22-42-5.1.[2] Id. at 2; Doc. 79-1 at 8. When Bass returned to his home in Arizona, he received a letter from the South Dakota Department of Public Safety (DPS) advising him that his CDL had been disqualified and/or withdrawn for using a commercial motor vehicle in the commission of a felony. Doc. 79 at 2. Shortly thereafter, Bass received a letter from the Arizona Motor Vehicle Division advising him that his CDL had been withdrawn or disqualified. Doc. 79-1 at 2. Bass contends that under South Dakota law, ingestion of a controlled substance does not constitute a violation of using a commercial or noncommercial motor vehicle in the commission of a felony, which mandates disqualification of a CDL pursuant to SDCL § 32-12A-36(4). Doc. 79 at 4–6. Bass asserts that he requested an administrative hearing in South Dakota, but when he called at the scheduled time, he was advised that the hearing would take place in an hour. Doc. 79-1 at 2. When Bass called back fifty-six minutes later, he was informed that the hearing had already taken place.

---

[2] SDCL § 22-42-5.1 provides in relevant part:

No person may knowingly ingest a controlled drug or substance or have a controlled drug or substance in an altered state in the body unless the substance was obtained directly or pursuant to a valid prescription or order from a practitioner[.]

Id. Defendants appear to dispute whether Bass attempted to contact the hearing examiner before the time of his scheduled hearing. Doc. 86 at 2.[3] Bass alleges that an entry on his driving record stating that he committed a crime while using a commercial motor vehicle, damages his standing in the trucking industry and will limit his ability as a long haul truck driver. Doc. 79-1 at 3.

A preliminary injunction is an "extraordinary and drastic remedy[.]" Munaf v. Geren, 553 U.S. 674, 689–90 (2008) (citation omitted). Bass, the party seeking preliminary relief, bears the burden of establishing the elements necessary for relief. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). Whether a preliminary injunction should issue is decided by weighing the four Dataphase factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). The purpose of preliminary relief, such as a temporary restraining order or preliminary injunction, is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the complaint. Id. at 113 n.5 (citation omitted). "But where the injunction, like the one requested by [Bass], is mandatory . . . like a mandamus, such relief should be granted sparingly." Noem v. Haaland, 542 F. Supp. 3d 898, 911 (D.S.D. 2021) (alternation in original) (internal quotation omitted). "The burden on the movant is particularly demanding for a mandatory injunction because 'granting the preliminary injunction will give the movant substantially the relief [he] would obtain after a trial on the merits." Id. (quoting United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998)); see also Flandreau Santee Sioux Tribe v. U.S. Dep't of Agric., 2019 WL 2394256, at *2

---

[3] Defendants' response to Bass's motion for injunctive relief, Doc. 86, cites exhibits, but the pleading does not contain any exhibits or attachments, and this Court cannot locate the cited exhibits in the record.

(D.S.D. June 6, 2019) ("It is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." (quotation omitted)). A mandatory preliminary injunction should not be granted unless the movant has shown that "the balance of other factors tips *decidedly* toward the movant." Haaland, 542 F. Supp. 3d at 911 (quoting United Indus. Corp., 140 F.3d at 1179). Here, Bass had not met his burden of demonstrating that the Dataphase factors tip *decidedly* in his favor.

This Court takes up first what commonly is the third factor—likelihood of success on the merits—of Bass's claims in this § 1983 action. Bass alleges that his CDL was disqualified or withdrawn in violation of his Fourteenth Amendment right to procedural due process. Doc. 105 at 5–7; 108-1 at 5–7. Yet, Bass's motion for injunctive relief is premised on his argument that he is likely to succeed on the merits of his claim because he did not use a motor vehicle to commit the felony of ingestion of a controlled substance. But whether it was proper under South Dakota law to disqualify or withdraw Bass's CDL is not the issue before this Court in a § 1983 action. The issue is whether Bass's CDL was disqualified or withdrawn without the procedural due process required by the Fourteenth Amendment. Bass is attempting to use this § 1983 action raising a procedural due process claim as a mechanism to reverse the defendants' actions. He cannot do so.[4] Singleton v. Cecil, 176 F.3d 419, 428 (8th Cir. 1999) (stating that occupational liberties give rise to procedural, not substantive, due process protection); Burlison v. Rogers, 311 F. App'x 207, 208 (11th Cir. 2008) (per curiam) (possession of a driver's license is not a right that gives rise to substantive due propose protection). Based on the parties' submissions, which are largely

---

[4] In Stanley v. Department of Public Safety, 987 N.W.2d 410 (S.D. 2023) and Ibrahim v. Department of Public Safety, 956 N.W.2d 799 (S.D. 2021), the two cases on which Bass relies to argue that there was no basis to disqualify or withdraw his CDL pursuant to SDCL § 32-12A-36(4), the licensees used state procedures to challenge the merits of the action instead of raising a collateral challenge in a § 1983 action in federal court.

allegations not supported by any record evidence, there are questions of fact regarding why Bass did not participate in the administrative hearing regarding the disqualification or withdrawal of his CDL. This Court cannot determine which party is likely to prevail on the merits of Bass's procedural due process claim.

Bass has not established a threat of irreparable harm, meaning harm[5] is "certain, great and of such imminence there is a clear and present need for equitable relief." Gard v. Kaemingk, 2014 WL 4092776, at *2 (D.S.D. Aug. 18, 2014) (quoting Packard Elevator v. Interstate Com. Comm'n, 782 F.2d 112, 115 (8th Cir. 1986)). However, Bass's CDL has been reinstated, Doc. 79 at 4; Doc. 86 at 2. Bass's argument speculates that he may struggle to obtain employment because his driving record reflects that he has once was convicted of a felony involving the use of a motor vehicle. Doc. 79 at 4. While this scenario is possible, the record does not establish that it is likely or imminent. Morehouse Enters., LLC. v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 78 F.4th 1011, 1017 (8th Cir. 2023) (stating that the assertion of a possible constitutional violation does not relieve movant of the burden of showing that irreparable harm more than a mere possibility). Bass has been convicted of a felony arising out of the use of a controlled substance or drug, Doc. 79-1 at 8–9, and it seems more likely that Bass, as part of the application process, would have to disclose that information regardless of whether it is reflected in his driving records.

Neither of the remaining factors of public interest nor the balance of harms compels granting Bass's motion for injunctive relief, Doc. 79. Bass's motion for injunctive relief, Doc. 79,

---

[5] In addition to injunctive relief, Bass requests compensatory damages in the amount of $150,000 and punitive damages in the amount of $300,000 for the alleged violation of his Fourteenth Amendment right to procedural due process. Doc. 105 at 10; Doc. 108-1 at 10. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." Rogers Grp., Inc. v. City of Fayetteville, 629 F.3d 784, 789 (8th Cir. 2010) (citation omitted). Based on the allegations in Bass's second amended complaint, it appears he may have an adequate remedy at law.

is denied without prejudice to Bass moving for summary judgment on some or all of his claims.

If Bass chooses to file a motion for summary judgment, he must comply with Federal Rule of Civil

Procedure 56 and LR 56.1.

### III.    Motion to Strike Expert Designation (Doc. 87)

On December 27, 2024, defendants served a Designation of Non-Retained Experts stating

that they "may offer testimony through Defendant Jane Schrank and current director of the Driver's

Licensing Program John Broers regarding the practice and policy relating to notification and other

actions required of them generally in regard to individuals who are convicted of crimes who hold

a commercial driver's license whether issued in this state or in another." Doc. 87-1 at 2. According

to defendants' expert disclosure, neither Schrank nor Broers are retained experts, and the

"testimony offered through either witness may be testimony subject to FRE 701 and/or 702." Id.

Bass now moves to strike defendants' expert designation and requests that the Court preclude them

from testifying as expert witnesses. Doc. 87.

Bass contends that Schrank should be precluded from testifying as an expert witness

because she has previously been disclosed as a fact witness pursuant to Federal Rule of Civil

Procedure 26(a)(1)(A)(i). Id. at 3. Bass contends that KOKO Development LLC v. Phillips &

Jordan, Inc., 101 F.4th 544, 548 (8th Cir. 2024), precludes fact witnesses from testifying as expert

witnesses. Doc. 87 at 3–4. Bass misinterprets the holding in KOKO Development. In KOKO

Development, the United States Court of Appeals for the Eighth Circuit held that a witness

disclosed only as a fact witness and never disclosed as an expert witness is precluded from offering

"testimony based on scientific, technical, or other specialized knowledge within the scope of Rule

702." 101 F.4th at 548–49. Accordingly, it is not an abuse of discretion for a district court to

exclude expert testimony from a witness when the proffering party does not satisfy the requirements of Rule 26(a)(2). Id. at 549.

Because Schrank was not retained or specially employed to provide expert testimony, she is not required to prepare a written report that complies with Rule 26(a)(2)(B), but the expert disclosure must meet the requirements of Rule 26(a)(2)(C). Rule 26(a)(2)(C) provides that

> if the witness is not required to provide a written report, this disclosure must state:
>
> (i)     the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii)    a summary of the facts and opinions to which the expert is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). Defendants' expert designation includes the subject matter on which Schrank is expected to present evidence under Federal Rule of Evidence 702.[6] Doc. 87-1 at 2. But the expert disclosure does not include a summary of the facts and opinions to which Schrank is expected to testify. When defendants' counsel served the expert designation, he offered to make the witnesses available for a deposition. Doc. 87-1 at 5. Producing an expert for a deposition is not a substitute for disclosing a summary of the facts and opinions to which the expert is expected to testify. See GenoSource, LLC v. Secura Ins., 637 F. Supp. 2d 3d 633, 640 (N.D. Iowa 2022) (stating that an expert disclosure must "convey the substance of the expert's opinion, so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary" (internal quotation omitted)). Because Bass cannot reasonably be expected to rebut, cross-

---

[6] According to defendants' disclosure, Schrank, as well as Broers, may also present testimony under Federal Rule of Evidence 701. Doc. 87-1 at 2. This Court has recognized that "drawing the line between an expert and lay opinion can be difficult, particularly when the witness's testimony is based on experience in a certain industry." Lauing v. Rapid City, Pierre & E. R.R., 610 F. Supp. 3d 1203, 1223 (D.S.D. 2022) (citation omitted). At this stage of the litigation, this Court makes no determination whether the proffered testimony is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

examine, or determine whether to offer a competing expert based the limited information set forth in the expert designation, this Court concludes that defendants have not complied with Rule 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide information required by Rule 26(a)(2)(C), the party is not allowed to use that witness to provide expert testimony on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). But the United States Court of Appeals for the Eighth Circuit has cautioned that exclusion of evidence is a harsh penalty that should be used sparingly. Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). When a party does not fully comply with the expert-disclosure rules, "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." Id. Considering the particular circumstances of this case, this Court finds that any prejudice to Bass arising from the incomplete disclosure can be cured without precluding Schrank from offering expert testimony.[7] For this reason, Bass's motion to strike defendants' expert disclosure as it pertains to Schrank is denied in part and granted in part. If defendants intend to present expert testimony from Schrank, they must serve a supplemental expert designation that includes a summary of the facts and opinions to which she is expected to testify no later than **July 15, 2025**. See Fed. R. Civ. P. 26(a)(2)(C)(ii). If Bass

---

[7] Courts consider four factors when deciding whether expert testimony that is not timely or properly disclosed should be excluded: (1) the importance of the expert testimony; (2) the party's reason for failing to disclose; (3) the potential prejudice that may arise if the expert testimony is permitted; and (4) the ability to cure any prejudice by a lesser sanction. Sancom, Inc. v. Qwest Commc'ns Corp., 683 F. Supp. 2d 1043, 1063 (D.S.D. 2010). Defendants did not respond to Bass's motion to strike their expert disclosure, but it appears to this Court that defendants may not have provided a more complete disclosure due to uncertainty whether Schrank's testimony would constitute expert testimony or lay testimony. Defendants have asserted qualified immunity, Docs. 55 and 56, so testimony regarding the reason or reasons defendants took the action in issue is likely to be important, but this Court recognizes that Bass may be unfairly prejudiced if defendants are permitted to rely on expert testimony that was not fully disclosed.

so chooses, he may designate an expert to respond to Schrank's opinions no later than **August 15,**
**2025**. Defendants' failure to timely serve a supplemental disclosure as required by this Order will
result in the exclusion of any expert testimony from Schrank.

Bass argues that Broers is required to submit an expert report under Rule 26(a)(2)(B)
because he was not employed as the Director of the Division of Drivers Licensing at the time the
events in issue occurred. Doc. 87 at 4. This Court disagrees. Although Broers was not employed
in his present capacity at the time of the events in issue, it does not appear that Broers formulated
any opinions he may offer solely for purposes of this litigation. Rather, this Court interprets
defendants' expert designation to state that Broers may offer expert opinions formulated during
the ordinary course of performing his duties as the Director of the Division of Drivers Licensing.[8]
Thus, Bass's reliance on <u>Johnson v. Friesen</u>, 79 F.4th 939 (8th Cir. 2023) is misplaced. Doc. 87
at 4–5. In <u>Johnson</u>, the Eighth Circuit held that a treating physician who offers causation opinions
not formed during the course of treatment but instead formed after contact by the plaintiff's
attorney and after reviewing medical records, accident photos, and other materials must comply
with Rule 26(a)(2)(B). 79 F.4th at 943–44. But defendant's designation of Broers does not comply
with Rule 26(a)(2)(C) for the same reasons that Schrank's designation is incomplete.

Bass's motion to strike defendants' expert disclosure as it pertains to Broers is denied in
part and granted in part. If defendants intend to present expert testimony from Broers, they must
serve a supplemental expert designation that includes a summary of the facts and opinions to which
he is expected to testify no later than **July 15, 2025**. <u>See</u> Fed. R. Civ. P. 26(a)(2)(C)(ii). If Bass
so chooses, he may designate an expert to respond to Broers's opinions no later than **August 15,**

---

[8] This Court makes no finding as to the relevancy of any opinions offered by Broers because
he was not employed as the Director at the time the events relating to this action occurred.

2025. Defendants' failure to timely serve a supplemental disclosure as required by this Order will result in the exclusion of any expert testimony from Broers.

## IV.    Motion to Compel (Doc. 94)

This Court granted Bass's motion for leave to serve a subpoena outside of the District of South Dakota and directed the United States Marshals Service to serve a subpoena duces tecum upon the Arizona Motor Vehicle Division ("AMVD"). Doc. 74 at 3. The subpoena duces tecum was served on the AMVD, and the AMVD, as directed by the subpoena, mailed responsive documents to Bass. Doc. 94 at 2; Doc. 94-1. Bass contends that the AMVD's response did not include three categories of documents that the subpoena commanded be produced or any objection, claim of privilege, or explanation why all categories of requested documents were not produced. Doc. 94 at 2. Bass moves this Court for an order compelling the AMVD to produce the remaining categories of documents requested in the subpoena duces tecum. Id.

Federal Rule of Civil Procedure 37(a)(3) provides that a court may enter an order compelling disclosures required by Rule 26(a), responses to deposition questions, responses for interrogatories, and request to Rule 34 requests for production of documents. Fed. R. Civ. P. 37(a)(3). Federal Rule of Civil Procedure 45 sets out the procedure to seek enforcement of a subpoena. Federal Rule of Civil Procedure 45(g) provides "[t]he court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The subpoena duces tecum Bass seeks to enforce requires the AMVD, which is located in Phoenix, Arizona, to mail to Bass responsive documents. Doc. 94-1 at 2. Thus, the United States District Court for the District of Arizona, the court for the district where compliance with Bass's subpoena duces tecum is required, is the proper court to

12

consider, at least initially, a motion seeking to enforce a subpoenas duces tecum directing the AMVD to mail responsive documents.[9]  Accordingly, Bass's motion to compel, Doc. 94, is denied without prejudice to Bass seeking to enforce the subpoena, in accordance with Rule 45(g), in the District of Arizona.

## V.    Motion to Correct Second Amended Complaint (Doc. 108)

This Court granted Bass's motion for leave to file a second amended complaint and directed the Clerk of Court to file Bass's proposed second amended complaint.  Doc. 102 at 3–4. After the Clerk of Court filed Bass's proposed second amended complaint, Doc. 103, Bass submitted a revised second amended complaint to correct a misspelling of the first name of the one of the newly added defendants.  Doc. 105; Doc.  105-1.  Bass also returned completed summonses and USM-285 forms for the two newly added defendants.  Doc. 106.  The summonses, along with the revised second amended complaint, Doc. 105, were delivered to the USMS for service on the two newly added defendants, as directed by this Court's order granting Bass's motion for leave to file a second amended complaint.  Doc. 102 at 4; Doc. 106.  Bass now advises this Court that when he submitted his revised second amended complaint to correct a misspelling, Doc. 105, he inadvertently checked the box indicating "Original Complaint" instead of "Second

---

[9] According to the certificate of service, Bass served his motion to compel on the Arizona Attorney General, see Doc. 94 at 3, but the record does not indicate that Bass has communicated with the AMVD in an attempt to obtain additional responsive documents without court intervention.  Rule 45 does not include a meet and confer requirement analogous to the Rule 37's requirement that a party moving for an order compelling discovery confer with the party or person failing to produce discovery without court action, but the Federal Rules of Civil Procedure certainly do not preclude Bass from doing so.  See Fed. R. Civ. P. 37(a)(1) (requiring that a motion to compel include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

Amended Complaint" and seeks to correct his error. Doc. 108. Bass's motion to correct, Doc. 108, is granted.

## VI.    Conclusion

For the reasons stated above, it is

ORDERED Bass's motion for a status conference, Doc. 77, is denied. It is further

ORDERED that Bass's motion for injunctive relief, Doc. 79, is denied. It is further

ORDERED that Bass's motion to strike defendants' expert designations, Doc. 87, is denied in part and granted in part. If defendants intend to present expert testimony from Schrank and/or Broers, they must serve a supplemental expert designation that includes a summary of the facts and opinions to which the expert(s) are expected to testify no later than **July 15, 2025**. See Fed. R. Civ. P. 26(a)(2)(C)(ii). If Bass so chooses, he may designate a responsive expert no later than **August 15, 2025**. Defendants' failure to timely serve a supplemental disclosure as required by this Order will result in the exclusion of any expert testimony from Schrank or Broers. It is further

ORDERED that Bass's motion to compel, Doc. 94, is denied without prejudice to Bass seeking to enforce the subpoena, in accordance with Rule 45(g), in the District of Arizona. It is further

ORDERED that Bass's motion to correct, Doc. 108, is granted. Bass may withdraw the revised second amended complaint he filed that contains a clerical error, Doc. 105. The Clerk of Court is directed to file the corrected, revised second amended complaint, Doc. 108-1. The newly added defendants have answered the second amended complaint. Docs. 115, 116. It is not necessary for the newly added defendants to respond to the corrected, revised second amended complaint. It is finally

ORDERED that Bass's motion for hearing on his pending motions, Doc. 114, is denied as

moot.

DATED June 23rd, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE